OPINION
The instant action in mandamus is presently before this court for consideration of respondent's motion to dismiss, filed on February 5, 2001. As the basis for his motion, respondent, Lake County Sheriff Daniel A. Dunlap, contends that the merits of this case have become moot because relator, John J. Clark, has been released from the county jail. For the following reasons, we conclude that the motion to dismiss has merit.
In maintaining the instant action, relator sought the issuance of an order requiring respondent to supplement the legal materials contained in the library of the Lake County Jail. Relator alleged in his petition that the law books in the library were insufficient to enable him to present a proper defense as to certain criminal charges pending against him. Relator further alleged that respondent had accordingly failed to comply with his legal duty to provide an adequate library for the inmates.
In moving to dismiss the mandamus petition, respondent asserts that the merits of this action are now moot because relator is no longer incarcerated in the county jail. In support of this assertion, respondent accurately notes that, on February 6, 2001, relator filed with the Lake County Clerk of Courts a notice which indicated that he had been released from jail and would be living at a private residence in Willoughby, Ohio. This notice was then docketed by the clerk of courts in the official record of this case.
As a general proposition, the termination of an inmate's incarceration will render moot any action brought by the inmate concerning the conditions of the prison or jail. Holmes v. Michigan Dept. ofCorrections (C.A.6, 1986), 805 F.2d 1034. In the instant action, relator's release from the Lake County Jail means that he will no longer have access to the library of that facility for the purpose of representing himself in a criminal case in either Lake County or Cuyahoga County. As a result, any alleged deficiency in the library's materials will not inhibit relator in presenting his defense. Under these circumstances, dismissal of the instant action is warranted.
Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
PRESIDING JUDGE JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER, JUDGE DIANE V. GRENDELL.